UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:12-cr-00098-JAW |
| | ) | |
| JECINTA WAMBUI NGIGE | ) | |

**ORDER ON MOTION TO DISMISS**

Charged with entering into a sham marriage to obtain a change in her residency status, the Defendant moves to dismiss the indictment on the ground that it is time-barred. The Court dismisses the motion without prejudice because the Defendant's argument is premised on a factual dispute that must await trial.

## I. BACKGROUND

On June 13, 2012, a federal grand jury indicted Jecinta Wambui Ngige, alleging that from January 30, 2004 until August 6, 2007, she conspired to defraud the United States by participating in a sham marriage for purposes of obtaining a change in her United States immigration status. *Indictment* (ECF No. 2).

On January 31, 2013, Ms. Ngige moved to dismiss the indictment on the ground that the prosecution is time-barred. *Mot. to Dismiss* (ECF No. 20) (*Def.'s Mot.*). The Government responded on February 21, 2013. *Gov't's Mem. in Opp'n to Def.'s Mot. to Dismiss* (ECF No. 21) (*Gov't's Opp'n*). Ms. Ngige replied on March 7, 2013. *Mot. to Dismiss Reply* (ECF No. 23) (*Def.'s Reply*).

There is a five-year statute of limitations applicable to this crime, which makes the critical date June 13, 2007. 18 U.S.C. § 3282(a). The indictment alleges

that Ms. Ngige engaged in the conspiracy until August 6, 2007, bringing it within the five-year limitations window. *Indictment* at 2. The indictment also alleges that Ms. Ngige performed one overt act in furtherance of the conspiracy within the five-year window:

> On August 6, 2007, in support of her I-360 VAWA petition, Defendant filed a report of Psychological Evaluation dated September 28, 2006. That report sets forth Defendant's narrative of her relationship with MF, which contains material falsehoods.

*Indictment* at 4.

Ms. Ngige, however, argues in her motion to dismiss that "the prosecution is time barred" because her filing of the psychological evaluation was "not part of the conspiracy charged," and maintains that she and MF both withdrew from and disavowed the conspiracy in 2006. *Def.'s Mot.* at 2-5. She asserts that she began divorce proceedings against MF in January 2006, that divorce became final no later than April 2007, and that the "divorce and the use of VAWA were a complete repudiation of the agreement." *Id.* at 2-4.

## II. DISCUSSION

Ms. Ngige's motion does not cite the Federal Rules of Criminal Procedure. Rule 12 governs pretrial motions. FED. R. CRIM. P. 12. Rule 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b)(2). Rules 12(b)(3) and 12(e) provide that certain motions "must be raised before trial" or are generally waived. FED. R. CRIM. P. 12(b)(3), 12(e). Among the motions that must be raised before trial are "a motion alleging a defect in instituting the

2

prosecution" and "a motion alleging a defect in the indictment . . . ." FED. R. CRIM. P. 12(b)(3)(A)-(B).

Ms. Ngige's motion is not a proper Rule 12(b)(2) motion, because the Court cannot credit her view of the evidence and her assertions concerning the length of the conspiracy "without a trial of the general issue." FED. R. CRIM. P. 12(b)(2). Nor does her motion allege a defect in instituting the prosecution or in the indictment. FED. R. CRIM. P. 12(b)(3)(A)-(B). In short, Ms. Ngige's motion—which raises a statute of limitations defense based not on any deficiency in the indictment, but on her own view of the underlying facts, including facts that do not appear in the indictment—is not contemplated by the Federal Rules of Criminal Procedure, and for good reason.

"Unlike civil actions, an indictment is not generally subject to dispositive motion practice." *United States v. Stewart*, 841 F. Supp. 2d 431, 434 (D. Me. 2012) (rejecting a similar pre-trial statute of limitations challenge in a related marriage fraud case). "Dismissing an indictment is an extraordinary step, because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function." *Id.* (internal citations and punctuation omitted). "When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995).

Thus, when a criminal defendant raises a pre-trial statute of limitations defense involving a factual dispute, the resolution of that dispute must await trial.

3

For purposes of a motion to dismiss, "the allegations of the indictment must be taken as true." *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Guerrier*, 669 F.3d 1, 3-4 (1st Cir. 2011) ("What counts in situations like this are the charging paper's allegations, which we must assume are true"). Accordingly, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *Guerrier*, 669 F.3d at 4 (collecting cases); *see also United States v. Upton*, 559 F.3d 3, 11 (1st Cir. 2009) ("Determining the contours of the conspiracy ordinarily is a factual matter entrusted largely to the jury"); 1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 193, at 433-34 (4th ed. 2008) (when a pre-trial statute of limitations defense involves factual matters, "such as when a conspiracy ended or when an offense was consummated, the limitations question can properly be put off until the trial").

To the extent Ms. Ngige seeks to raise a withdrawal defense in her motion, pretrial dismissal would be particularly inappropriate given that "[w]ithdrawal is a demanding defense requiring affirmative evidence of an effort to defeat or disavow or confess." *United States v. Potter*, 463 F.3d 9, 20 (1st Cir. 2006). As the Supreme Court recently clarified, combining a statute of limitations defense with a withdrawal defense "does not place upon the prosecution a constitutional responsibility to prove that [the Defendant] did not withdraw." *Smith v. United States*, 133 S. Ct. 714, 720 (2013). Whether Ms. Ngige will be able to establish the

4

demanding defense of withdrawal is a matter for a jury to decide upon hearing evidence, not for a judge to decide upon reviewing memoranda.

## III. CONCLUSION

The Court DISMISSES without prejudice Jecinta Wambui Ngige's Motion to Dismiss (ECF No. 20).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2013